**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 1 2022

TAMMY H. DOWNS, CLERK
By:_____
                          DEP CLERK



**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NEIL CLEM**                                                             **PLAINTIFF**

**V.**                              CASE NO: ___4:22-cv- 195 - DPM___

**ANTHONY COUNTS,**
**HOLDEN LESTER,**
**DARREN WHITE,**
**LONOKE COUNTY, ARKANSAS SHERIFF'S OFFICE,**
**CABOT, ARKANSAS POLICE DEPARTMENT,**
**LONOKE COUNTY, ARKANSAS,**                  This case assigned to District Judge _Marshall_
**CITY OF CABOT, ARKANSAS,**                  and to Magistrate Judge __Volpe__
**CHARLES E. GRAHAM JR., LONOKE COUNTY**
**PROSECUTING ATTORNEY,**
**BENJAMIN SCOTT HOOPER, LONOKE COUNTY**
**DEPUTY PROSECUTING ATTORNEY**                                  **DEFENDANTS**

---

### COMPLAINT

---

The Plaintiff, Neil Clem, by and through his attorneys, Jordan Tinsley and Robert
Hodge, hereby states and alleges the following for his Complaint against the Defendants:

#### PARTIES

1.  Neil Clem is the Plaintiff in this matter. He is an individual who resides in Lonoke
County, Arkansas, but is currently incarcerated in the United States Bureau of Prisons.

2.  Anthony Counts is an individual Defendant in this matter and at all relevant times is
believed to have been a deputy employed by the Lonoke County Sheriff's Office.

3.  Holden Lester is an individual Defendant in this matter and at all relevant times is
believed to have been a police officer employed by the City of Cabot's Police Department.

1

4.  Darren White is an individual Defendant in this matter and at all relevant times is believed to have been a deputy employed by the Lonoke County Sheriff's Office.

5.  The Lonoke County Sheriff's Department is a Defendant in this matter and is the chief law enforcement agency for all unincorporated areas lying within Lonoke County, Arkansas.

6.  The City of Cabot Police Department is a Defendant in this matter and is the chief law enforcement agency within the incorporated City of Cabot, Arkansas.

7.  The City of Cabot is a Defendant in this matter and is an incorporated municipality lying within Lonoke County, Arkansas.

8.  Lonoke County, Arkansas is a Defendant in this matter and is a duly incorporated county lying within the State of Arkansas.

9.  Charles E. Graham is an individual Defendant in this matter, is the elected prosecuting attorney for Lonoke County, Arkansas, and at all relevant times was the elected prosecutor for Lonoke County, Arkansas.

10. Benjamin Scott Hooper is an individual Defendant in this matter, is a deputy prosecuting attorney for Lonoke County, Arkansas, and at all relevant times was a deputy prosecuting attorney for Lonoke County, Arkansas.

11. The Plaintiff is suing each and every Defendant in both their individual and official capacities.

### FACTUAL ALLEGATIONS

12. On or about March 15, 2019, at approximately 2:00 a.m., Amanda Lacy (hereafter "Lacy"), a resident of Lonoke County, Arkansas, was driving her friend, the Plaintiff Neil Clem (hereafter "Clem"), to his home.

13. As she merged her blue Ford F-150 truck onto AR Hwy 5 in Cabot, Arkansas, separate Defendant Deputy Anthony Counts of the Lonoke County Sheriff's Department (hereafter "Deputy Counts") activated the blue lights on his patrol car and pulled over the blue F-150.

14. Separate Defendant Officer Holden Lester of the Cabot Police Department (hereafter "Officer Lester") arrived soon thereafter.

15. Deputy Counts and Officer Lester removed Plaintiff from the vehicle and performed a pat down search. In the course of the search, they found a plastic zip lock bag that contained the residue of chocolate-covered Oreo cookies. Clem advised the officers that the residue in the zip lock bag was chocolate.

16. After locating the zip lock bag containing the chocolate residue, Deputy Counts and Officer Lester informed Lacy that they would then search the F-150, prompting Lacy to advise Deputy Lester and Officer Counts that there was a methamphetamine pipe in a golden bag located within the vehicle.

17. After locating the methamphetamine pipe at Lacy's direction, Deputy Counts and Officer Lester performed a full search on the Ford F-150 and no additional contraband was located.

18. Following the search of the Ford F-150, Deputy Counts and Officer Lester turned their attention back to the zip lock bag found in Clem's pocket prior to the search of the F-150.

19. According to Deputy Counts' narrative, he inspected the contents of the zip lock bag and determined the contents to be "black tar heroin." See Narrative attached hereto as Exhibit "1."

20. Officer Lester was then dispatched by Deputy Counts to the Cabot Police Department to retrieve a drug field test.

21. Officer Lester returned and he and Deputy Counts proceeded to test the contents of the zip lock bag.

22. While testing the contents of the zip lock bag, Lacy advised Deputy Counts and Officer Lester that the contents of the bag were the remains of fudge covered Oreo cookies and encouraged them to smell the contents, which they refused to do.

23. Lacy subsequently observed Deputy Counts and Officer Lester field test the contents of the zip lock bag several times.

24. Upon information and belief, each time Deputy Counts and Officer Lester field tested the contents of the zip lock bag, the field test produced negative results for illegal drugs.

25. Upon concluding several negative field tests, Deputy Counts and Officer Lester declared the contents of the zip lock bag to be black tar heroin, despite the negative test results.

26. Subsequently, Deputy Counts arrested Clem for a purported violation of A.C.A. § 5-64-419.

27. Deputy Darren White (hereafter "Deputy White") then transported Clem to the Lonoke County Jail.

28. In Deputy Counts' narrative, he states that he "conducted a field test of the substance which gave a positive result." See Exhibit "1."

29. On March 15, 2019, Deputy Counts swore an affidavit alleging that Clem violated A.C.A. § 5-64-419. In the affidavit, Deputy Counts swore that the contents of the zip lock bag field tested positive. See Affidavit of Deputy Counts attached hereto as Exhibit "2".

30. The arrest/disposition report states that Clem was arrested for a violation of A.C.A. 5-64-419 (possession of controlled substance). See Exhibit "3".

31. Clem was subsequently held without bond due to being on probation at the time of the arrest.

32. On April 4, 2019, the State of Arkansas, by and through prosecuting attorney Charles E. Graham (hereafter "Mr. Graham"), filed a felony information charging Clem with a violation of A.C.A. § 5-64-419. See Felony Information attached hereto as Exhibit "4".

33. Appended to the information was the affidavit executed by Deputy Counts in which he swore the contents in the zip lock bag tested positive for illegal drugs.

34. The State of Arkansas also initiated a probation revocation proceeding based upon the allegation that Clem had violated A.C.A. § 5-64-419.

35. On April 8, 2019, Clem appeared in Lonoke County Circuit Court for plea and arraignment on his probation revocation (Lonoke County Case No. 43CR-18-557). He entered a plea of "not guilty" at the hearing.

36. The court scheduled a subsequent court date for May 20, 2019, but, for reasons unknown, Clem did not appear until May 21, 2019.

37. On May 21, 2019, while he was being held without bond in the Lonoke County Jail, Clem entered a plea of "nolo contendere" on the drug charge (A.C.A. § 5-64-419).

38. At the same hearing, Clem entered a guilty plea on his probation revocation.

39. As a result, the circuit court sentenced Clem to additional confinement in a Community Corrections Center.

40. Subsequently, on September 16, 2019, after Clem had entered confinement at the Community Corrections Center, the State of Arkansas filed a joint motion with public

5

defender David Myers stating that the State had come into possession of the results of the Arkansas State Crime Laboratory's test on the remnants of the fudge covered Oreo cookies in the zip lock bag and determined that the zip lock bag contained no drugs. See Joint Motion attached hereto as Exhibit "5".

41. The circuit court entered an order to vacate the felony drug case on September 20, 2019. See Order to Vacate attached hereto as Exhibit "6".

42. It entered an order to vacate the probation revocation on September 26, 2019. See Order to Vacate attached hereto as Exhibit "7".

43. An amended order to vacate the felony drug case was also filed on September 26, 2019.

44. The Orders to Vacate ordered Clem released from custody.

45. Clem was wrongfully incarcerated for six (6) months and five (5) days due to the false representations of the law enforcement officers.

### CAUSES OF ACTION

### COUNT I – FALSE ARREST

46. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

47. First, Defendants arrested Clem.

48. Second, Defendants did not have probable cause to arrest Clem; and

49. Third, Defendants acted under color of law in arresting Clem.

### COUNT II – UNREASONABLE STOP

50. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

51. First, Defendants "seized" Clem insofar as they first recognized Clem and Lacy, followed them briefly, and then pulled them over under false pretenses.

52. Second, Defendants did not have "reasonable suspicion" that Clem had committed, was committing, or was about to commit a crime.

53. Third, as a direct result, Clem was injured as he remained imprisoned for six (6) months and five (5) days of his life based on reports sworn by law enforcement officers that they had obtained positive results for illegal drugs when they field tested the Oreo cookie fudge residue.

54. Fourth, Defendants acted under color of state law when Deputy Counts pulled over the F-150.

### COUNT III – 1983 CIVIL CONSPIRACY

55. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

56. First, Separate Defendants Deputy Counts and Officer Lester first conspired with each other to deprive Clem of his right to due process and his right to avoid unreasonable searches and seizures.

57. Second, Deputy Counts and Officer Lester engaged in the overt act of testing the contents of the zip lock bag several times, receiving negative results each time, and stating upon the final test that the result was positive, thus justifying Clem's arrest without probable cause. Deputy Counts, in conjunction with Officer Lester, Deputy White, the Lonoke County Sheriff's Office, the Cabot Police Department, the City of Cabot, Lonoke County, Mr. Graham, Benjamin Scott Hooper (hereafter "Mr. Hooper"), swore in an affidavit

that he had arrested Clem based on supposed positive results from the field drug test, which he and the Defendants knew to be false.

58. Third, the overt acts of lying about the results of the field drug test and lying in the affidavit injured Clem in that he spent six (6) months and five (5) days imprisoned based on Defendants' lies.

59. Fourth, Clem was deprived of his constitutional rights to due process under the law (5th Amendment to the U.S. Constitution) and unreasonable search and seizure (4th Amendment to the U.S. Constitution).

60. Fifth, the Defendants acted under color of law in stopping, arresting, charging, and prosecuting Clem based on false statements by Counts and supported by Defendants in affidavits supporting their arrest of Clem.

### COUNT IV – TORT OF OUTRAGE

61. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

62. First, Plaintiff has sustained damages insofar as he was falsely imprisoned for six (6) months and five (5) days.

63. Second, the Defendants willfully and wantonly engaged in extreme and outrageous conduct in falsely stating that Clem's chocolate residue had tested positive as "black tar heroin" and then later falsely swearing to an affidavit that the field drug tests had yielded a positive result rather than several negative results.

64. Third, such conduct proximately caused damage to the Plaintiff in the nature of emotional distress.

8

## COUNT V – MALICIOUS PROSECUTION

65. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

66. First, Defendants instituted proceedings against Clem for possession of illegal drugs in violation of A.C.A. § 5-64-419.

67. Second, the proceedings originally terminated in favor of the Defendants in that Clem was incarcerated for six (6) months and five (5) days, but ultimately terminated in favor of the Plaintiff, Clem, when he was exonerated following the Arkansas State Crime Laboratory's announcement that their chemical test had proven the contents of the zip lock bag to not contain drugs, as Clem and Lacy had explained to law enforcement at the time of the arrest.

68. Third, there was a complete absence of probable cause for the proceedings in that the probable cause for Clem's arrest and seizure of his zip lock bag containing chocolate residue was based on the false statements of Deputy Counts and supported by all other Defendants that the contents of the bag had tested positive for illegal drugs by using the field drug test at the scene of the arrest. But for the false declaration that the field drug test had yielded a positive result and but for the false affidavit sworn by Deputy Counts, Clem would have never been arrested, charged, prosecuted, or offered the opportunity to plead nolo contendere to the charge.

69. Fourth, Deputy Counts, Officer Lester, Deputy White, and the other Defendants acted with malice when they first stalked Clem and Lacy after recognizing them out late at night, knowingly tested the contents of the zip lock bag at the scene of the arrest several times, obtained several negative results, lied and stated that they had received a positive result,

and subsequently swore on an affidavit that Counts had received a positive field test for illegal drugs when he tested the chocolate. Defendants' intent was to lie in order to deprive Clem of his constitutional rights and of his freedom in order to secure an arrest and ultimately a conviction of an individual they were determined to imprison regardless of whether he had committed a crime.

70. Fifth, Clem has been damaged by losing six (6) months and five (5) days of his life while imprisoned for a crime he did not commit stemming from the Defendants' lies.

### COUNT VI – FALSE ARREST OR FALSE IMPRISONMENT

71. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

72. Defendants unlawfully violated Clem's personal liberty by arresting and imprisoning him without legal authority by manufacturing probable cause for the arrest and subsequently lying on a sworn affidavit as to the existence of probable cause by way of a supposed positive result for illegal drugs, when in truth, Defendants had obtained several negative results.

### DAMAGES

73. Clem incorporates and reasserts all preceding paragraphs of this Complaint as if stated hereinabove.

74. Clem asserts that he is entitled to monetary damages in excess of damages required for federal diversity jurisdiction.

75. Clem asserts that he is entitled to punitive damages as a result of Defendants' reckless and callous indifference to his personal and civil liberties pursuant to *Smith v. Wade*, 42 US 30, 103 S.Ct. 1625 (1983).

76. Clem asserts that he is entitled to an award of attorney's fees pursuant to 42 U.S.C. 1988(b).

77. Clem demands a trial by jury.

WHEREFORE, the Plaintiff, Neil Clem, prays that the Defendants be found liable for all of their actions alleged herein; for an award of damages in excess of the damages required for federal diversity jurisdiction; for an award of punitive damages, for his attorney's fees and costs incurred herein; and for all other just and equitable relief to which he may be entitled.

Respectfully Submitted,

NEIL CLEM

By: _____

Jordan B. Tinsley
AR Bar No. 2008270
Tinsley & Youngdahl, PLLC
300 S. Spring St., Suite 800
Little Rock, AR 72201
Phone: 501-374-2099
Fax: 501-374-2098
E-mail: jordan@TYattorney.com

AND
_____

Robert E. Hodge III
AR Bar No. 2011097
Attorney for Plaintiff
Lassiter & Cassinelli
300 S. Spring Suite 614
Little Rock, AR 72201
T: (501) 404-4874
F: (501) 404-4865
rob@lcarklaw.com

*ATTORNEYS FOR PLAINTIFF*



# LONOKE COUNTY SHERIFFS OFFICE
Incident Report
Case Number:**201904828**

Page 1 of 2

| | |
|---|---|
| **INCIDENT # : 201904828** | Report Date: **03/15/2019** |
| Address: 16MM HWY 67/167 NB | Report Time: **01:53** - hours |
| City, State, Zip: CABOT, AR. 72023- | Date Occured From: 03/15/2019 - 01:53 - hours |
| Zone: | Date Occured Thru: 03/15/2019 - 02:29 - hours |
| Reporting Officer: 1069 - COUNTS, ANTHONY | Reportable: **Yes** |
| Assigned Officer: | Assigned Date: |
| | Exceptional Clearance: |

## INCIDENT OFFENSE(S)

U.C.R.: **35B** -POSS OF DRUG PARAPHERNALIA
U.C.R.: **35A** -POSSESS CONTROLLED SUBSTANCE SCHED I,II

## VICTIM(S)

Victim: **SOCIETY**

City, State. Zip:, .          Race:          Sex:          Age: ()          Hispanic:

## SUSPECT(S) / ARRESTEE(S) / MISSING PERSON(S)

ARRESTEE: **CLEM, NEIL ALLEN**          Arrest Date: **03/15/2019**  Time: **01:53** Hours  UCR:**35A**
City, State.Zip: WARD, AR. 72176-          Arrested By: **1069 - COUNTS, ANTHONY**
Age:          Arrested At: **16MM 67/167 NB ON RAMP**
Race: **W**  Sex: **M**  Height: **510**  Weight: **150**  Armed With: **UNARMED**
Hair: **BRN**  Eyes: **BLU**  Hispanic: No          Warrants Signed:

| CHARGE | Court | Court Date | TIME | DOCKET | BOND | CHARGE DESCRIPTION |
|---|---|---|---|---|---|---|
| 1345 | | | | | .00 | POSSESS CONTROLLED SUBSTANCE SCHED I,II |
| 8080 | | | | | .00 | SEATBELT NOT USED |

ARRESTEE: **LACY, AMANDA MICHELLE**          Arrest Date: **03/15/2019**  Time: **01:53** Hours  UCR:**35B**
City, State.Zip: LONOKE, AR. 72086-          Arrested By: **1069 - COUNTS, ANTHONY**
Age: **(29)**          Arrested At: **16MM 67/167 NB ON RAMP**
Race: **W**  Sex: **F**  Height: **509**  Weight: **212**  Armed With: **UNARMED**
Hair: **BRN**  Eyes: **HAZ**  Hispanic: Unk          Warrants Signed:

| CHARGE | Court | Court Date | TIME | DOCKET | BOND | CHARGE DESCRIPTION |
|---|---|---|---|---|---|---|
| 0924 | | | | | .00 | POSS OF DRUG PARAPHERNALIA |

## NARRATIVE

Reporting Officer: **1069 - COUNTS, ANTHONY**

On March 15th, 2019 at approximately 0153, I observed a blue F-150 turn onto AR HWY 5 from South Rockwood in Cabot, AR, an incorporated city within the County of Lonoke. I drove behind the truck and saw that the license plate was not illuminated. The truck turned north onto 67/167 Northbound and the 16 Mile Marker. As it did, I could see that the front seat passenger was not wearing his seatbelt.

I initiated a traffic stop on the vehicle in the merging roadway connected to the highway. Officer Holden Lester of the Cabot Police Department arrived on scene and assisted me with the stop. I made contact with the occupants, identified myself, and advised both of them the reasons for my stop.

I immediately recognized both occupants as Amanda Lacy, the driver, and Neil Clem, the passenger. I knew both had extensive drug history and knew Clem to be on active probation. Upon a check of records, I was advised that Clem had a confirmed warrant for his arrest out of the Beebe Police Department. I ordered him out of the vehicle

**EXHIBIT**
**1**
*1037*

| | |
|---|---|
| Reporting Officer: **1069 - COUNTS, ANTHONY** | Approving Officer: 1020 - GEBHARDT, MICHAEL |
| Print Date: Thursday, October 21, 2021 09:53:42AM | *Form IncidentReport Public* Tracking#: 201956058 |

**LONOKE COUNTY SHERIFFS OFFICE**
Incident Report
Case Number:**201904828**

**Page 2 of 2**

and placed him in handcuffs. While searching his clothing, I pulled out a plastic zip styled baggie which contained a tar-like substance. As I was pulling it out, Clem told me it was chocolate. I placed that baggie in the seat he was setting in.

I then informed Lacy that I would be conducting a probation search of the vehicle within Clem's wingspan and I asked if there were any drugs in the vehicle. Lacy didn't initially respond, became emotionally upset, and then told me there was a pipe in the truck. She pointed towards a golden bag located in a hole under the vehicle's radio.

I had her step out of the vehicle and I conducted a search. I located a glass smoking device exactly where Lacy had advised and then I inspected the baggie I found on Clem. The substance in the baggie was dark and very sticky. Based upon my training and experience, I believed the substance was "black tar" heroin. I conducted a field test of the substance, which gave a positive result. I advised Clem and Lacy that they were under arrest.

Clem was placed in the back of Deputy Darren White's patrol car, where he was transported to the Lonoke County Detention Center. Ryno Wrecker was notified and took custody of the truck. I transported Lacy to the Lonoke County Detention Center, where both subjects were booked in on charges.

## CASE MANAGEMENT INFO

| | | |
|---|---|---|
| Reporting Officer: **1069 - COUNTS, ANTHONY** | Report Date: | **03/15/2019** |
| Approving Officer: **1020 - GEBHARDT, MICHAEL** | Approving Date: | **03/21/2019** |
| Assigned Officer: | Assigned Date: | |
| Clearing Officer: | Clearing Date: | |

Officer Signature:_____    Date:_____    Supervisor:_____

CASE # 201904828

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARᴋANSAS
AFFIDAVIT FOR PROBABLE CAUSE OF ARREST.

| Amanda M Lacy | 04/08/1989 | W/F | |
|---|---|---|---|
| Potential Defendant's Name | DOB | Race/Sex | (X)Felony<br>( )Misdemeanor<br>(X)Violation |
| 825 Porter Road | Lonoke, AR | | |
| Address | City/State | Phone | |

**PURSUANT TO RULE 7.1 OF THE ARKANSAS RULES OF CRIMINAL PROCEDURE, UNDERSIGNED AFFIANT(S) BEING DULY SWORN, DEPOSES AND SAYS THAT HE HAS REASON TO BELIEVE, THAT THE ABOVE NAMED PERSON HAS COMMITTED THE OFFENSE(S) OF VIOLATING ARKANSAS CODE ANN.**

| 5-64-443 | Possession of Drug Paraphernalia | D Felony |
|---|---|---|
| 27-36-215 | License Plate Illumination | Violation |

**In Lonoke County, Arkansas against the peace and dignity of the State of Arkansas.**

FACTS CONSTITUTING REASONABLE CAUSE

Affiant, I Anthony Counts, a Sergeant with the Lonoke County Sheriff's Office, submit the following;

On March 15th, 2019 at approximately 0153, I observed a blue F-150 turn onto AR HWY 5 from South Rockwood in Cabot, AR, an incorporated city within the County of Lonoke. I drove behind the truck and saw that the license plate was not illuminated. The truck turned north onto 67/167 Northbound and the 16 Mile Marker. As it did, I could see that the front seat passenger was not wearing his seatbelt.

I initiated a traffic stop on the vehicle in the merging roadway connected to the highway. Officer Holden Lester of the Cabot Police Department arrived on scene and assisted me with the stop. I made contact with the occupants, identified myself, and advised both of them the reasons for my stop.

I immediately recognized both occupants and Amanda Lacy, the driver, and Neil Clem, the passenger. I knew both had extensive drug history and knew Clem to be on active probation. Upon a check of records, I was advised that Clem had a confirmed warrant for his arrest out of the Beebe Police Department. I ordered him out of the vehicle and placed him in handcuffs. While searching his clothing, I pulled out a plastic zip styled baggie which contained a tar-like substance. As I was pulling it out, Clem told me it was chocolate. I placed that baggie in the seat he was sitting in.

I then informed Lacy that I would be conducting a probation search of the vehicle within Clem's wingspan and I asked if there were any drugs in the vehicle. Lacy didn't initially respond, became emotionally upset, and then told me there was a pipe in the truck. She pointed towards a golden bag located in a hole under the vehicle's radio.

I had her step out of the vehicle and I conducted a search. I located a glass smoking device exactly where Lacy had advised and then I inspected the baggie I found on Clem. The substance in the baggie was dark and very sticky. Based upon my training and experience, I believed the substance was "black tar" heroin. I conducted a field test of the substance, which gave a positive result. I advised Clem and Lacy that they were under arrest.

I SWEAR THAT THE ALLEGATIONS CONTAINED HEREIN ARE THE TRUTH, TO THE BEST OF MY KNOWLEDGE AND BELIEF.

| SGT. Anthony Counts<br>Affiant's Name | Lonoke County Sheriff's Office | | _____<br>Affiant's Signature |
|---|---|---|---|
| 440 Dee Dee Ln<br>Address | Lonoke, AR 72086 | 501-676-3001<br>Phone | |

*Notary* on March 15 2019
Exp 7-15-19

**EXHIBIT 2**

CONTINUED ON BACK

I Hereby Find That This Sworn Affidavit Demonstrates Probable Cause For Arrest Of The Above Named Individual For The Above Stated Offense.

**JUDGE**

3-15-19

**DATE**

ARKANSAS CRIME INFORMATION CENTER
## LONOKE COUNTY ARREST / DISPOSITION REPORT

| DEFENDANT IDENTIFICATION | Arresting Agency Name LCSO | NCIC Code |
|---|---|---|

| Name | Last CLEM | First NEIL | Middle ALLEN |
|---|---|---|---|

| Aliases |
|---|

| Street Address | | Phone No. |
|---|---|---|

| City & State WARD AR | Zip 72176 |
|---|---|

| Computer Use - CSN | F.B.I. No. | State I.D. No. |
|---|---|---|

| Social Security No. | Driver License No. / State | Local I.D. No. |
|---|---|---|

| Sex ☑M ☐F | Race 1 ☑White 2 ☐Black 3 ☐American Indian or Alaskan Native 4 ☐Asian or Pacific Islander 5 ☐Unknown | Ethnicity ☐Hispanic ☑Not Hispanic | Date of Birth mo day yr. | Age | Place of Birth |
|---|---|---|---|---|---|

| Hair BLN | Eyes BLU | Weight 140 | Height 5'10 | Scars and Marks |
|---|---|---|---|---|

| Complexion | Build | Employer/Occupation |
|---|---|---|

| Name of Nearest Relative | Phone No. |
|---|---|

| Street Address | City, State, Zip |
|---|---|

## ARREST
### PLEASE PRESS HARD - You are making five copies!

| Place of Arrest Hwy 67/167 N on Ramp (16 on ramp) | Arresting Officers A. Cants #1069 |
|---|---|

| Date of Arrest 03/15/2019 | Time of Arrest 0200 | Bail Amount Set | Case No. 2019 004828 | Agency Received From | Agency Transferred To |
|---|---|---|---|---|---|

| No. | Computer USE - SRN | Case/Docket No. | Statute No. | Counts | Charge Desc. | Offense Class | Date of Action |
|---|---|---|---|---|---|---|---|
| 1 | | | 5-64-419 | 1 | Poss. Controlled Sub I or II | Felony | 03/15/2019 |
| 2 | | | 27-37-702 | 1 | No Seatbelt | Violation | 03/15/2019 |
| 3 | | | | | | | |
| 4 | | | | | | | |

| Facts of Arrest (Explain in Detail) | Fingerprint Card ☑Yes ☐No | More Charges? ☐Yes ☑No |
|---|---|---|

| Receiving Jailer | Court Date 03/18/2019 /FA | Court Trying Case LCCC | Right Thumb Print |
|---|---|---|---|

| Complainant and Witness Names | Address | |
|---|---|---|
| Complainant | Home | |
| | Business | |
| Witness | Home | |
| | Business | |
| Witness | Home | |
| | Business | |

**EXHIBIT 3**

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Apr-04 08:41:14
43CR-19-177
C23D02 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### TWENTY-THIRD JUDICIAL DISTRICT
### SECOND DIVISION

**POSSESSION OF CONTROLLED SUBSTANCE -
SCHEDULE I/II, NOT METHAMPHETAMINE
OR COCAINE < 2g;
CLASS D FELONY;
ACA § 5-64-419(b)(2)(A);**

**HABITUAL CRIMINAL, LARGE;
ACA § 5-4-501(b);**

**STATE OF ARKANSAS**                                                    **PLAINTIFF**

**vs**                                      43CR 19 -

**NEIL ALLEN CLEM**                                                     **DEFENDANT**

### INFORMATION

I, Chuck Graham, Prosecuting Attorney within and for the Twenty-Third Judicial District of the State of Arkansas, which consists of Lonoke County, in the name of, and by the authority of the State of Arkansas, on information accuse the Defendant of the crimes of, **POSSESSION OF CONTROLLED SUBSTANCE - SCHEDULE I/II, NOT METHAMPHETAMINE OR COCAINE < 2g, a Class D Felony, in violation of ACA § 5-64-419(b)(2)(A); and HABITUAL CRIMINAL, LARGE; in violation of ACA § 5-4-501(b); committed as follows;**

The State Of Arkansas alleges that on or about March 15, 2019, in Lonoke County, Arkansas, the defendant:

did unlawfully and feloniously possess less than 2 grams of a schedule I or II controlled substance that is not

methamphetamine or cocaine, a Class D Felony, in violation of ACA §5-64-419;

AND

the defendant was previously convicted of four (4) or more felonies and is subject to an extended term of

imprisonment, in violation of ACA §5-4-501;

against the peace and dignity or the State of Arkansas

**Chuck Graham
Prosecuting Attorney**

Prosecuting Attorney or Deputy

**EXHIBIT
4**

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-16  15:48:39
43CR-19-177
C23D02 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## SECOND DIVISION

**STATE OF ARKANSAS**                                        **PLAINTIFF**

   **vs**                          **CR 19-177**

**NEIL CLEM**                                                **DEFENDANT**

### JOINT MOTION TO VACATE AND NOLLE PROSSE

The State, through Deputy Prosecuting Attorney Ben Hooper, and the Defense, through Public Defender David Myers, hereby jointly request that their motion be granted due to the following:

1. The Defendant was arrested on March 15, 2019 for one count of Possession of a Controlled Substance. His co-defendant was arrested for one count of Possession of Drug Paraphernalia. The probable cause affidavit noted that the evidence taken from the Defendant's person was "dark", "tar-like", and "very sticky". The affidavit further noted that the arresting deputy believed the evidence to be heroin, and that a field test was positive for heroin. The evidence was sent to the crime lab for analysis.

2. On May 20, 2019 the Defendant, represented by the public defender's office, entered a plea of No Contest to one count of Possession of a Controlled Substance, a class D felony. He was sentenced to 12 months CCC with an additional 12 months suspended. Crime lab analysis was still pending at that time.

3. On September 16, 2019 – the same date as this motion – the State came into possession of the crime lab results for this case and the co-defendant's case for the first time. While the evidence in the co-defendant's case reflects that a controlled substance was detected, the evidence in the Defendant's case does not. The evidence in the

**EXHIBIT**

**5**

Defendant's case reflects a laboratory finding of: "no controlled substances detected".

4. The State first came into possession of the crime lab report only earlier this same afternoon and is promptly submitting this motion to the Court asking that the Defendant's plea of No Contest be vacated and that the charges against the Defendant be Nolle Prossed.

5. The State and the Defense, through the public defender's office, further jointly request that the Defendant be immediately released from CCC custody.

6. The State notified the Defendant's public defender's office immediately upon coming into receipt of the crime lab report. The Defendant's public defender joins in this motion.

Therefore, the State and the Defense therefore jointly and respectfully request that this motion be granted, that the Defendant's plea of no contest be vacated, that the charges be nolle prossed, and that the defendant be released from CCC custody immediately.

Respectfully Submitted,

Ben Hooper
Deputy Prosecuting Attorney
301 North Center Suite 301
Lonoke, AR 72086
(501) 676-2807

CERTIFICATE OF SERVICE

I, Ben Hooper, Deputy Prosecuting Attorney, certify that a copy of the forgoing Motion was emailed to the Defendant's Attorney, David Myers, on this 16th day of September, 2019.

Ben Hooper
Deputy Prosecuting Attorney

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-20 11:47:00
43CR-19-177
C23D02 : 2 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### SECOND DIVISION

**STATE OF ARKANSAS**                                           **PLAINTIFF**

    **vs**                                 **CR 19-177**

**NEIL CLEM**                                                  **DEFENDANT**

## ORDER TO VACATE, NOLLE PROSSE, AND FOR THE DEFENDANT TO BE RELEASED FROM CUSTODY

The Court, on this 20th day of September, 2019, hereby grants the joint Motion to Vacate and Nolle Prosse and orders as follows in the above styled case:

1. The Joint Motion to Vacate and Nolle Prosse is hereby granted.
2. The Defendant's plea of No Contest entered on or about May 20, 2019 is hereby vacated.
3. The charges in this matter against the Defendant, Neil Clem, are hereby nolle prossed for good cause shown at the joint request of the State and the Defense.
4. The Lonoke County Circuit Clerk's Office is ordered to forward a copy of this order to ACIC so that the Defendant's criminal history may be appropriately updated.
5. The Defendant, Neil Clem, is ordered to be immediately released from custody on this case.
6. Both the State and the Defense, through the Public Defender's Office, are in agreement with the entry of this order

**IT IS SO ORDERED**

**EXHIBIT**

**6**

CIRCUIT JUDGE

Prepared by:

Ben Hooper
Deputy Prosecuting Attorney

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-26  10:57:06
43CR-18-557
C23D02 : 2 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## SECOND DIVISION

**STATE OF ARKANSAS**                            **PLAINTIFF**

      **vs.**                      **43CR19-177**
                               **43CR18-557**

**NEIL CLEM**                                  **DEFENDANT**

## AMENDED
## ORDER TO VACATE, NOLLE PROSEQUI, AND FOR THE DEFENDANT
## TO BE RELEASED FROM CUSTODY

The Court, on this 26th day of September, 2019. hereby grants the Joint Motion to Vacate and Nolle Prosse and orders as follows in the above styled case:

1. The Joint Motion to Vacate and Nolle Prosse is hereby granted.
2. The Defendant's plea of No Contest entered on or about May 20, 2019 is hereby vacated.
3. The charges in this matter against the Defendant, Neil Clem, are hereby nolle prossed for good cause shown at the joint request of the State and the Defense.
4. The Lonoke County Circuit Clerk's Office is ordered to forward a copy of this order to ACIC so that the Defendant's criminal history may be appropriately updated.
5. The Defendant, Neil Clem, is ordered to be immediately released from custody on the cases listed above.
6. Both the State and the Defense, through the Public Defender's Office, are in agreement with the entry of this order.

**IT IS SO ORDERED**

**EXHIBIT**
**7**

_____
CIRCUIT JUDGE

Prepared by:

_____
Deputy Prosecuting Attorney