## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**NEIL CLEM**                                                    **PLAINTIFF**
**REG. #25946-009**

**v.**                            **No. 4:22-cv-195-DPM**

**ANTHONY COUNTS;  HOLDEN LESTER;**
**DARREN WHITE;  LONOKE COUNTY**
**SHERIFF'S OFFICE, ARKANSAS;**
**CABOT POLICE DEPARTMENT, ARKANSAS;**
**LONOKE COUNTY, ARKANSAS;**
**CITY OF CABOT, ARKANSAS;**
**CHARLES E. GRAHAM, JR.**
**Lonoke County Prosecuting Attorney;**
**BENJAMIN SCOTT HOOPER,**
**Lonoke County Deputy Prosecuting Attorney**          **DEFENDANTS**

### ORDER

**1.** Neil Clem spent more than six months in custody after he was convicted of possessing drugs and violating the terms of his probation. The Arkansas state crime laboratory later tested the evidence against Clem and didn't detect drugs.  Clem's conviction was vacated, and he was released.  He now brings this civil suit against the law enforcement officers and prosecutors involved in his criminal case.  His complaint also names city and county defendants.

**2.** The prosecutors and the Cabot police department have moved to dismiss. *Doc. 15 & 20*.  The other defendants answered.  The Court,

however, still must screen the complaint.   28 U.S.C. § 1915A; *Lewis v. Estes*, 2000 WL 1673382, at \*1 (8th Cir. 8 November 2000) (unpublished *per curiam*).   The Court takes Clem's factual allegations as true and makes all reasonable inferences in his favor.   *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

**3.** The claims against Cabot Police Officer Holden Lester and Lonoke County Sheriff's Deputy Anthony Counts are the core. Clem says that Officer Lester and Deputy Counts searched him, seized a zip lock bag, and did multiple field tests of the bag's contents. He alleges that the tests were negative, but Officer Lester and Deputy Counts arrested him anyway.   Deputy Counts later wrote in an arrest warrant affidavit, and in his incident report, that the contents of the bag tested positive for drugs.   *Doc. 1 at 12-15*.

**4.** Officer Lester and Deputy Counts are sued in their individual and official capacities.   The individual capacity claims go forward. The official capacity claims are dismissed without prejudice.   Those claims are really against their employers.   *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).   And the employers—the Cabot police department and the Lonoke county sheriff's office—are not entities that can be sued.   The police department is an arm of the city; the sheriff's office is an arm of the county.   *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992);   *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 F. App'x 436, 437 (8th

Cir. 2001) (unpublished *per curiam*). The complaint therefore fails to state solid official capacity claims.

**5.** Another law enforcement officer, Lonoke County Sheriff's Deputy Darren White, is also named as a defendant. Clem says Deputy White transported him to the Lonoke County Jail. Clem does not plead any facts showing that Deputy White was involved in the allegedly wrongful traffic stop, search, arrest, or prosecution. Clem claims that there was a conspiracy to falsely arrest him, but he does not allege any facts suggesting that there was a "meeting of the minds" between Deputy White and any other defendant regarding the alleged conspiracy. *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). There just aren't enough facts about Deputy White to state a plausible claim. The claims against him are dismissed without prejudice. 28 U.S.C. § 1915A(b)(1).

**6.** Clem brings claims against two prosecutors, Charles Graham and Benjamin Hooper, in their official and individual capacities. The official capacity claims are barred by the Eleventh Amendment. *Morstad v. Department of Corrections & Rehabilitation*, 147 F.3d 741, 743–44 (8th Cir. 1998); *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). The individual capacity claims are barred, too. Graham and Hooper are absolutely immune from suit for acts taken as advocates for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). It is true that prosecutors do not enjoy absolute immunity for purely

administrative or investigative acts that are unrelated to the initiation of a prosecution. *Stockley v. Joyce*, 963 F.3d 809, 817-18 (8th Cir. 2020). Clem, however, has not pleaded sufficient facts to make it plausible that this exception applies. Graham's and Hooper's motion to dismiss, *Doc. 15*, is granted. The claims against them are dismissed without prejudice.

7. That leaves the city and county Defendants. As noted, the Cabot police department and the Lonoke county sheriff's office are not entities subject to suit. The police department's motion to dismiss, *Doc. 20*, is granted with a caveat. The caveat: dismissal is without prejudice. *De La Garza*, 18 F. App'x at 437.

The claims against the city of Cabot and Lonoke county are also dismissed without prejudice. Clem does not identify any city or county policy, practice, or custom as the moving force behind the alleged violations of his rights. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013). He therefore fails to state a claim. 28 U.S.C. § 1915A(b)(1).

\* \* \*

Graham and Hooper's motion to dismiss, *Doc. 15*, is granted. The Cabot police department's motion to dismiss, *Doc. 20*, is granted as modified. Clem's claims against Deputy White, Graham, Hooper, the Cabot police department, the Lonoke county sheriff's office, the city of Cabot, and Lonoke county are dismissed without prejudice;

- 4 -

these defendants are dismissed from this lawsuit.   Clem's official capacity claims against Officer Lester and Deputy Counts are dismissed without prejudice.   His individual capacity claims against them go forward.

So Ordered.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_7 November 2022_

- 5 -